# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL NO. 16-130-JJB-EWD |
| *versus* | : | |
| | : | |
| JORDAN HAMLETT | : | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

The United States opposes Jordan Hamlett's (the "Defendant") motion to suppress. The Defendant contends, first, that agents violated his *Miranda* rights, and, second, that his statements were involuntary. Both arguments should be rejected, and the motion denied in its entirety.

## I. BACKGROUND

On September 13, 2016, the Defendant unlawfully attempted to obtain the federal tax information of then-presidential candidate Donald J. Trump from the U.S. Department of Education and Internal Revenue Service using the Federal Student Aid – Datashare application.[1] The attempt was unsuccessful. About a month later, on October 27, 2016, the defendant agreed to be interviewed by federal law enforcement agents. The interview took place in the lobby area of the Embassy Suites in Baton Rouge.

## II. LAW AND ARGUMENT

The Defendant's motion should be denied in its entirety for two reasons: first, agents were not required to *Mirandize* the Defendant, and, second, his statements were voluntary.

---

[1] The Federal Student Aid - Datashare application is a web application.

### A. Agents were not required to *Mirandize* the Defendant because he was not in custody

#### 1. *Miranda* custody

*Miranda* warnings need be given prior to interrogation only when a suspect is in custody. *See Stansbury v. California*, 511 U.S. 318, 322 (1994) ("An officer's obligation to administer *Miranda* warnings attaches, however, only where there has been such a restriction on a person's freedom as to render him in custody," internal quotations omitted); *Minnesota v. Murphy*, 465 U.S. 420, 429-31 (1984). On the other hand, when is a suspect is not in custody, *Miranda* does not apply and no warnings need be given. *J.D.B. v. North Carolina,* 564 U.S. 261, 268-71 (2011).

A suspect is in custody for purposes of *Miranda* only when he is formally arrested or when the restraint on his freedom of movement is of the degree associated with formal arrest. *Id.* at 270. In determining whether a suspect is in custody, "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984); *J.D.B. v. North Carolina*, 564 U.S. at 270-71 (whether a suspect is "in custody" for purposes of *Miranda* is an objective inquiry which takes into account all of the circumstances surrounding the interrogation). As the Fifth Circuit has explained, "[t]he reasonable person through whom [the court] view[s] the situation must be neutral to the environment and to the purposes of the investigation—that is, neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances." *United States v. Bengivenga*, 845 F.2d 593, 596 (5th Cir. 1988) (en banc).

This circuit identified factors relevant to the *Miranda* custody inquiry in *United States v. Wright*, 777 F.3d 769 (5th Cir. 2015). The *Wright* factors include (1) the length of the

questioning, (2) the location of the questioning, (3) the accusatory, or non-accusatory, nature of the questioning, (4) the amount of restraint on the individual's physical movement, (5) and statements made by officers regarding the individual's freedom to move or leave. *Id.* at 775. No one fact is determinative. *Id.*

### 2. The burden of proving *Miranda* custody rests with the defendant

"It is well established that the burdens of production and persuasion generally rest upon the movant in a suppression hearing." *United States v. De La Fuente*, 548 F.2d 528, 533 (5th Cir. 1977). In the *Miranda* context, it is the defendant who bears the burden of proving that he was in custody. *United States v. Charles*, 738 F.2d 686, 692-93 (5th Cir. 1984) (concluding that the defendants failed to meet their burden of proving that they were in custody at the time their statements were taken), *overruled on other grounds as stated in United States v. Bengivenga*, 845 F.2d 593.

### B. The Defendant's statements were voluntary

A confession is admissible only if it was voluntary. *See Dickerson v. United States*, 530 U.S. 428, 434 (2000). A confession is voluntary if it was made "in the absence of official overreaching, in the form either of direct coercion or subtle forms of psychological persuasion." *United States v. Rojas-Martinez*, 968 F.2d 415, 418 (5th Cir. 1992). In determining whether a suspect's statements were voluntary, a court must ask whether, under the totality of the circumstances, law enforcement officials obtained the evidence by overbearing the will of the accused. *Dickerson v. United States*, 530 U.S. at 433-34.

In order for a confession to be involuntary, there must have been "coercive police activity." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). Coercive police activity, in turn, requires more than deceptive tactics. *See, e.g.*, *United States v. Crawford*, 372 F.3d 1048, 1060-

61 (9th Cir. 2004) (finding the defendant's confession voluntary even though police used a deceptive tactic to induce the defendant to come to the FBI office and speak about an old bank robbery); *see also United States v. Rojas-Martinez*, 968 F.2d at 418 ("Expressions of sympathy by an officer are not coercive."). Rather, the focus is on whether law enforcement's techniques were "so offensive to a civilized system of justice that they must be condemned."[2] *Miller v. Fenton*, 474 U.S. 104, 109 (1985).

The Government bears the burden of proving the voluntariness of a confession by a preponderance of the evidence. *Lego v. Twoney*, 404 U.S. 477, 489 (1972).

## III. CONCLUSION

The Defendant's motion should be denied: first, the agents were not required to *Mirandize* the Defendant because, as the evidence will show, he was not in custody, and, second, his statements were voluntary.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY


/s/ Ryan Rezaei
Ryan Rezaei, CABN 285133
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: ryan.rezaei@usdoj.gov

---

[2] The suspect's custodial status also has a bearing on the voluntariness of his confession. *See United States v. Fazio*, 914 F.2d 950, 956 (7th Cir. 1990) ("In contrast to the presumption of coercion that attends statements given during custodial interrogation in the absence of *Miranda* warnings, statements made during a noncustodial interrogation are not viewed with suspicion.") (internal quotations omitted); *Beckwith v. United States*, 425 U.S. 341, 347–48 (1976) (stating that a "noncustodial interrogation might possibly in some situations, by virtue of some special circumstances," produce an involuntary confession).

4