UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| *versus* : | CRIMINAL NO. 16-130-JJB-EWD |
| : | |
| JORDAN HAMLETT : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING THE SO-CALLED "WHITE HAT" DEFENSE**

The United States files this motion *in limine* to preclude the defendant from presenting a "white hat" defense at trial. The so-called white hat defense should be excluded because it is not a recognized affirmative defense and fails to negate any of the elements of the offense charged. It is therefore irrelevant to the case. The defense would also confuse the jury and improperly invite jury nullification.

As explained below, the so-called white hat defense is not really a "defense" at all. It is essentially nothing more than a belated excuse for a crime. As the law in this circuit makes clear, however, such after-the-fact excuses and self-justifications for crimes are irrelevant and immaterial. The defendant in this case admitted his crime to federal law enforcement authorities almost a year ago, on October 27, 2016, and precluding him from presenting a white hat defense will ensure that his trial is limited to the relevant issues.

**I.    PROCEDURAL HISTORY**

On November 10, 2016, a federal grand jury returned an indictment charging the defendant with one count of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B).  (Doc. 1.)  The indictment accuses the defendant of representing that a

particular social security number had been assigned to him, when the defendant knew the social security number had not been so assigned.  The indictment further alleges that the defendant made the false representation for the purpose of creating a Free Application for Federal Student Aid and Federal Student Aid Identification.  On February 9, 2017, the defendant filed a motion to suppress seeking to exclude, among other statements, his admission that he committed the charged offense.  (Doc. 19.)  Following a hearing, this Honorable Court denied the defendant's motion.  (Doc. 31.)  Defense counsel recently informed counsel for the United States that one of the defenses his client is interested in presenting at trial is a white hat defense.

## II.     LAW AND ARGUMENT

### A.     The so-called white hat defense should be excluded as irrelevant because it is not a recognized affirmative defense and does not negate any of the elements of the offense charged

There are only a few cognizable affirmative defenses available to a defendant.  Such defenses include insanity, entrapment, self-defense, and duress.  However, wearing a so-called white hat—where an individual commits a crime for supposedly ethical reasons—is not one of them.[1]  The white hat defense is not admissible on the basis that it is an affirmative defense.

The so-called white hat defense also does not negate any of the elements of the charged offense.  Instead, it is more of a belated self-justification or excuse for the defendant having committed his crime.  However, as explained in *Knight v. United States*, 123 F.2d 959 (5th Cir. 1942), such belated justifications and excuses for crimes are irrelevant and properly excluded.  In

---

[1] In the hacking context, individuals are generally categorized by the type of metaphorical "hat" they wear.  "Black hat" hackers are the "bad guys" who violate computer security for personal gain (e.g., stealing credit card numbers) or for purely malicious reasons (e.g., creating a botnet to perform a denial-of-service attack).  "Hacker Hat Colors Explained: Black Hats, White Hats, and Gray Hats," *available at* https://www.howtogeek.com/157460/hacker-hat-colors-explained-black-hats-white-hats-and-gray-hats/.  "White hat" hackers are the "good guys" who employ the same methods as black hats, with one important exception: they do it with the permission of the owner of the system, making their hack legal.  "What is the Difference Between Black, White and Grey Hat Hackers," *available at* https://community.norton.com/en/blogs/norton-protection-blog/what-difference-between-black-white-and-grey-hat-hackers.  White hats are also known as ethical hackers.  *Id.*

2

*Knight*, the defendant was convicted on five counts of mail fraud arising out of the mailing of various false sales and business reports. The defendant admitted to the elements of mail fraud before trial, but sought to testify at trial that he completed the false reports because he had an independent contract with the victim, the victim had failed to pay him the full amount due under the contract, and he was withholding money from the victim so that he could secure the payment he claimed he was due. *Id.* at 961. The district court refused to permit the testimony. *Id.*

In affirming, the Fifth Circuit explained that once the elements of mail fraud had been established,[2] his "self-justification, his purpose or motive ulterior to the use of the mails to obtain the money by false and fraudulent pretenses and representations . . . would not be a defense to the indictment. Such evidence would be wholly irrelevant." *Id*. The defendant's offered evidence "was nothing more than an effort to excuse and justify [his] fraudulent and felonious acts," and was thus irrelevant as a defense to the indictment. *Id.*

Here, as in *Knight*, the defendant's white hat defense is nothing more than a belated excuse or self-justification for his crime—a crime which the defendant admitted to committing. As in *Knight*, he is now hoping that his purported self-justification and purpose—that he committed the elements of the charged offense but was wearing an ethical white hat—excuses him from his crime. *Knight* forbids him from putting on this defense, however, because it does not negate any of the elements of the charged offense. His after-the-fact excuses and self-justifications are wholly irrelevant.

---

[2] As in this case, the defendant in *Knight* admitted the elements of the crimes charged. *See* 123 F.2d at 961.

### B. Permitting the defendant to present a white hat defense would only confuse the jury and invite jury nullification

The defendant's white hat defense is notable in that it involves the defendant admitting he committed the elements of the charged offense. (As in *Knight*, the defendant in this case admitted to having committed the elements of the charged offense during an interview with federal law enforcement authorities.) The defendant's belated excuse and self-justification for his crime are irrelevant to the elements of the charged offense, and would only confuse the jury in violation of Rule 403 of the Federal Rules of Evidence. Worse, it would likely be an invitation to jury nullification—that is, by putting on a white hat defense, the defendant is essentially asking the jury to ignore the evidence which establishes the elements of the charged offense, including his admission that he committed the crime, and base their decision on the defendant's warped view of his crime. *See United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.").

### III. CONCLUSION

The so-called white hat defense is irrelevant to this case. It is not a cognizable affirmative defense and does nothing to negate the elements of the charged offense. Instead, it would only confuse the jury and invite jury nullification. For these reasons, the United States

respectfully requests that the Court grant the motion *in limine* and preclude the defendant from presenting any evidence or argument regarding a white hat defense.

                                              UNITED STATES OF AMERICA, by

                                              COREY R. AMUNDSON
                                              ACTING UNITED STATES ATTORNEY

                                              /s/ Ryan Rezaei
                                              Ryan Rezaei, CABN 285133
                                              Assistant United States Attorney
                                              777 Florida Street, Suite 208
                                              Baton Rouge, Louisiana 70801
                                              Telephone: (225) 389-0443
                                              Fax: (225) 389-0561
                                              E-mail: ryan.rezaei@usdoj.gov