UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | NO: 16-CR-130-JJB-EWD |
| *Versus* | : | |
| | : | |
| | : | |
| JORDAN HAMLETT | : | |

**HAMLETT'S MEMORANDUM IN RESPONSE TO
GOVERNMENT'S MOTION IN LIMINE**

Pending before the Court is the Government's motion in limine, which seeks to preclude the defense from introducing evidence regarding Jordan Hamlett's practice of testing security systems as a "white hat hacker." Hamlett is charged by a one count indictment charging a violation of 42 U.S.C. § 408(a)(7)(B), false representation of a social security number. The charge arises from Hamlett's allegedly unauthorized attempts on September 13, 2016, to use the Free Application Federal Student Aid (FAFSA) website to try to access President Donald J. Trump's tax records from the IRS.

Hamlett opposes the Government's motion in limine and submits the following memorandum in support of that opposition.

**MEMORANDUM**

**I.  Jordan Hamlett has a constitutional right to present evidence in his defense that tends to negate an element required by the definition of the offense—the "white hat hacker" evidence is relevant and admissible to negate "the intent to deceive."**

The Government's motion in limine misunderstands the relevance and purpose of Hamlett's "white hat hacker" defense. Unlike a defense such as "entrapment"—which

exculpates a defendant even when the Government proves all elements of the offense—Hamlett's "white hat hacker" defense is essentially no more than the negation of the "intent to deceive" element required by the language of 42 U.S.C. § 408(a)(7)(B).

At trial, the Government must offer sufficient evidence to a jury to prove a violation of every element of 42 U.S.C. § 408(a)(7)(B) beyond a reasonable doubt. To decide the case, the jury will receive instructions from this Court regarding the elements of the offense. The instructions contained in the Fifth Circuit Pattern Jury Instructions do not contain a pattern jury instruction for 42 U.S.C. § 408(a)(7)(B). There is, however, an instruction found in the Seventh Circuit Pattern Criminal Jury Instructions (2012 Ed.). That instruction, which lays out the elements of 42 U.S.C. § 408(a)(7)(B) and is consistent with Fifth Circuit precedent, reads in full:

*42 U.S.C. § 408(07)(B) USE OF A FALSE SOCIAL SECURITY NUMBER - ELEMENTS*

*[The indictment charges the defendant[s] with; Count[s] of the indictment charge[s] the defendant's] with] use of a false social security number. In order for you to find [a; the] defendant guilty of this charge, the government must prove each of the [three] following elements beyond a reasonable doubt:*
*1. The defendant represented for any purpose a particular social security account number to be his [or another person's];*
*2. The representation was false; and*
*3. The defendant acted with intent to deceive.*
*If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt [as to the charge you are considering], then you should find the defendant guilty [of that charge]. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt [as to the charge you are considering], then you should find the defendant not guilty [of that charge].[1]*

The Seventh Circuit Pattern Jury Instructions further provide that in the context of a 42

---

[1] Pattern Criminal Jury Instructions of the Seventh Circuit, p. 705 (2012 Ed.).

U.S.C. § 408(a)(7)(B) prosecution, the jury should be instructed that

> *"Intent to deceive" means to act for the purpose of misleading someone. It is not necessary for the government to prove, however, that anyone was in fact misled or deceived.[2]*

It is the position of the defense that in Hamlett's case, where the offense definition requires the "intent to deceive," the Government must carry the burden of production and persuasion on that element. The defendant's right to present a defense generally includes the due-process right to the admission of competent, reliable, exculpatory evidence to rebut any element of the offense for which he is accused. See, *Rock v. Arkansas*, 483 U.S. 44, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987); *Crane v. Kentucky*, 476 U.S. 683, 687, 106 S. Ct. 2142, 90 L. Ed. 2d 636(1986); and *Washington v. Texas*, 388 U.S. 14, 22, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967).

Hamlett, who has no burden to prove he is innocent, has every right to present evidence that he had no "intent to deceive" when he attempted to expose a security flaw in the FAFSA Data Retrieval Tool. The Government is well aware that Hamlett has been consistent in his position that testing security systems for weaknesses was an activity he pursued in his spare time. If Hamlett found an insecure system vulnerable to breach, he would notify the entity in charge of that system. The Government's own evidence provided in discovery contains reports from the Livingston Parish Sheriff's Office, describing how Hamlett discovered a flaw allowing public access to raw, open investigation reports. The flaw also allowed Hamlett to see personal identifying information about police officers. Hamlett tipped the Sheriff's Office to the flaw and

---

[2] Pattern Criminal Jury Instructions of the Seventh Circuit, p. 704 (2012 Ed.). See also, *United States v. Sirbel*, 427 F.3d 1155, 1159-60 (8th Cir. 2005).

was met with thanks and appreciation, not an arrest.

Indeed, on the very date of the offense in question, September 13, 2016, Hamlett attempted to call the IRS and provide notice of his belief that the FAFSA Data Retrieval Tool contained major vulnerabilities. Hamlett abandoned the attempt to notify the IRS when he could not reach a human, only recorded messages.

Despite seizing every electronic device Hamlett owned, despite thorough forensic analysis of those devices, and despite a score of interviews with associates and family of Hamlett, the vast investigative resources of the federal Government have been unable to produce one shred of evidence that Hamlett was intending to do anything other than his stated intent—to discover, out of sheer curiosity, whether Trump's tax information could be accessed through a flaw in the FAFSA Date Retrieval Tool.

Consequently, Hamlett's proffered evidence of his lack of "intent to deceive" is both relevant and admissible. Fed. R. Evid. 401, 402. The defense, therefore, should be permitted to present at trial, any and all evidence at its disposal on the issue of whether Hamlett acted with the "intent to deceive" in his attempt to access Trump's tax information.

**II.    The Government's concern that Hamlett's "white hat hacker" evidence will confuse the jury or invite jury nullification is a red herring—such concerns can be addressed by a limiting instruction**

As a final "catch-all" argument, the Government urges in its motion in limine that any presentation of "white hat hacker" evidence by the defense would run afoul of Federal Rules of Evidence Rule 403 and should be excluded. Rule 403 allows the Court to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. The Government believes that Hamlett's "white hat hacker"

evidence would severely confuse the jury.

Rule 403's exclusion remedy, however, is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Meester*, 762 F.2d 867, 875 (11th Cir.), cert. denied, 474 U.S. 1024 (1985)). Under the terms of the rule, the danger of confusion must not merely outweigh the probative value of the evidence, but *substantially* outweigh it.

Here, the danger of confusion does not *substantially* outweigh Hamlett's right to present probative, relevant evidence in his defense. In any event, to the extent Hamlett's evidence would tend to confuse issues for the jury, this Court has the authority to issue an instruction to the jury limiting their consideration of any "white hat hacker" to the purposes of determining whether Hamlett acted with the requisite "intent to deceive." In this way, any concerns about jury confusion can be addressed without impinging Hamlett's right to present a defense.

Lastly, as stated above, Hamlett's "white hat hacker" evidence is aimed at negating an essential element of the offense. Nullification occurs when a jury acquits for a reason other than the facts and the law. Hamlett's "white hat hacker" evidence is probative of intent—an issue properly before the Court; the evidence is not intended to induce jury nullification and is based on the facts and the law. The jury in Hamlett's case should be allowed to determine his guilt or innocence based on all the relevant evidence, not just the evidence cherry-picked by the Government.

## CONCLUSION

WHEREFORE, based on the forgoing memorandum and any further argument presented at the hearing on this matter, Hamlett requests that the Government's motion in limine be denied.

RESPECTFULLY SUBMITTED:

 s/ Michael A. Fiser
MICHAEL A. FISER
The Fiser Law Firm, LLC
1055 Laurel Street
Baton Rouge, LA 70802
Phone: (225)343-5059
Fax: (225)778-7383
Email: michael@fiserlaw.com
Bar Roll No: 28575

## CERTIFICATE OF SERVICE

I hereby certify that, on October 26, 2017, a copy of the foregoing response in opposition was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to AUSA Ryan Rezaei by operation of the Court's electronic filing system.

       s/ Michael A. Fiser