# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL NO. 16-130-JJB-EWD |
| *versus* | : | |
| | : | |
| JORDAN HAMLETT | : | |

## UNITED STATES'S PRE-TRIAL MEMORANDUM

The United States of America, through the undersigned Assistant United States Attorneys, respectfully submits this pre-trial memorandum to address various evidentiary issues that may arise at trial.

## Intrinsic Evidence (Rules 401 & 402)

Under Rule 402 of the Federal Rules of Evidence, relevant evidence is generally admissible and irrelevant evidence is not admissible. The rule defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED R. EVID. 402.

"Evidence of acts other than conduct related to the offense is intrinsic 'when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005) (citing *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). Such "evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place." *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

Evidence that is intrinsic is generally admissible even where the fact or facts to which it relates are not in dispute. "Evidence that serves as background information about persons, subjects or things in a trial is generally admissible although it may not relate to a consequential fact." WEINSTEIN'S EVIDENCE § 401[05] (1991); *see also United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988) ("the trial court may admit evidence that does not directly establish an element of the offense charged, in order to provide background for the events alleged in the indictment."). The Advisory Committee Notes to Rule 402 explain that "[t]he fact to which the evidence is offered need not be in dispute. . . . Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."[1]

**Unfair Prejudice (Rule 403)**

Any party may argue during trial that certain evidence is "unfairly prejudicial" and should be excluded pursuant to Rule 403. Rule 403 allows the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. It is worth noting that evidence is not excludable merely because it is prejudicial. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United*

---

[1] The Sixth Circuit has explained: "[t]he jury is entitled to know the 'setting' of a case. It cannot be expected to make its decision in a void without knowledge of the time, place and circumstances of the acts which form the basis of the charge." *United States v. Roberts*, 548 F.2d 665, 667 (6th Cir. 1977); *see also United States v. Carrillo*, 20 F.3d 617, 620 (5th Cir. 1994) (explaining that tip that "Tito" was selling drugs was relevant because "the government was entitled to give the jury background information to explain" the police officer's actions).

*States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979). Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's note. Thus, Rule 403 "is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *McRae*, 593 F.2d at 707; *see also United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994) ("Rule 403 tips the balance in favor of the admission of relevant evidence, permitting exclusion only if the evidence's probative value is substantially outweighed by the danger of unfair prejudice.").

**Good Faith Basis for Cross-Examination (Rule 611(a))**

Under Rule 611(a), the Court exercises control over the interrogation of witnesses and the presentation of evidence so as to facilitate the ascertainment of the truth. Implicitly included within the mandate of Rule 611(a) is the obligation to require that questions asked of witnesses, arguments of counsel, and the presentation of evidence are grounded in fact. Thus, a trial court "may, in its discretion, preclude questions for which the questioner cannot show a good faith basis." *See, e.g., United States v. Nixon*, 777 F.2d 958, 970 (5th Cir. 1985) (prosecutor must have "a basis in fact" before "wafting before the jury 'did you know?' type questions . . . which can be fatal to the defendant"); *United States v. Crosby*, 713 F.2d 1066, 1075 (5th Cir. 1983) (prosecutor must have good faith basis for question posed to defense witness); *cf. United States v. Tomblin*, 46 F.3d 1369, 1389 n.52 (5th Cir. 1995) ("Rule 608(b) does require a good faith basis for the questions."); *United States v. Skelton*, 514 F.3d 433, 445 (5th Cir. 2006) (same).

Significantly, a lawyer's representation that his client provided the basis for a question is not necessarily a sufficient factual basis, particularly where the question is prejudicial. *See, e.g.*, *United States v. Lin*, 101 F.3d 760, 767 (D.C. Cir. 1997) (affirming the trial court's decision to prohibit defense counsel from asking the witness whether he was involved in a gambling business, based solely on his client's word, where defense counsel declined to put his client on the stand to establish a good faith basis for the question).

**<u>Lay Opinion Testimony (Rule 701)</u>**

The United States will elicit lay opinion testimony from several of its witnesses. Under Rule 701, a lay witness may offer opinion testimony if the testimony is (a) "rationally based on the perception of the witness," (b) "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and (c) not "based on scientific, technical, or other specialized knowledge within the scope of Rule 702". FED. R. EVID. 701. Among other things, "a lay witness' opinion concerning the declarant's statements or conduct may be helpful to the jury." *United States v. Simas*, 937 F.2d 459, 465 (9th Cir. 1991) (testimony regarding "vague and ambiguous statements during the course of the alleged crimes"); *see also United States v. Parsee*, 178 F.3d 374, 379-380 (5th Cir. 1999) (testimony by drug conspirator regarding meaning of coded conversation).

As the Fifth Circuit has recently explained, "lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Ebron*, 683 F.3d 105, 136-137 (5th Cir. 2012). Lay opinion is an opinion based on personal perception, "one that a normal person would form from those perceptions," and must be

4

helpful to the jury.  *Ebron*, 683 F.3d at 137.  "To be considered expert, testimony *must involve more than common sense.*"  *Id.* at 138 (emphasis added); *see also United States v. Hovanec*, No. 10-CR-1205, 2012 U.S. Dist. LEXIS 45719, at *10 (S.D.N.Y. March 30, 2012) ("A witness' specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise.").

**Business Records Exception to the Hearsay Rule (803(6))**

Many of the United States' likely trial exhibits qualify as records of regularly conducted activity, or business records, within the meaning of Rule 803(6).  Rules 803 and 902 now allow these records to be introduced into evidence at trial without the need for live testimony, which will significantly streamline the upcoming trial.[2]  Rule 902(11) requires the offering party to provide the adverse party with reasonable written notice of the intent to offer the records via certification, and must make the records and certifications available for inspection, and the United States has done so.  Accordingly, once the relevance of each exhibit is established, no further testimony regarding each document is necessary before the document can be admitted into evidence.

---

[2] *See, e.g.*, FED. R. EVID. 803(6)(D)("all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or 902(12) or with a statute permitting certification"); *United States v. Towns*, 718 F.3d 404, 411 n.8 (5th Cir. 2013) ("The disjunctive nature of FRE 803(6)(D) eliminates the need to put each custodian on the stand to verify the respective business records.  The qualifying information may come through live testimony or certification.").

**Authentication (Rule 901 *et seq.*)**

Similarly, many of the United States' likely trial exhibits are self-authenticating under Rule 902.

With regard to any documents that have not already been authenticated, Rule 901 of the Federal Rules of Evidence requires the offering party to present "evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a). This requirement can be satisfied in a number of ways, including the following:

- Presenting "[t]estimony that a matter is what it is claimed to be," FED. R. EVID. 901(b)(1);
- "Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," FED. R. EVID. 901(b)(4); and
- "Evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result," FED. R. EVID, 901(b)(9).

Once the proponent of a piece of evidence has made a prima facie showing of authenticity, the evidence should be admitted. *See, e.g., United States v. Smith*, 481 F.3d 259, 264-65 (5th Cir. 2007). A break in the chain of custody, for instance, goes to the weight of the evidence, not its admissibility. *See id.*

**Summary Evidence (Rule 1006)**

The United States intends to introduce summaries of various writings and records. Such summaries are admissible under Rule 1006, which provides as follows:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

FED. R. EVID. 1006. Summary testimony allows a prosecutor "to put the myriad of complex and intricate pieces of testimonial and documentary evidence comprising the puzzle together in a chronological fashion." *United States v. Winn*, 948 F.2d 145, 157 (5th Cir. 1991). The average jury cannot be expected to compile such a summary on its own. *Id.* at 158. "The admission of summaries of voluminous books, records, or documents offers the only practicable means of making their contents available to the judge and jury." FED. R. EVID. 1006, advisory committee's note. "Rule 1006 requires only that the writings or records to be examined be voluminous and that in-court examination be inconvenient." *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991). Unlike charts used for demonstrative purposes, "[a] summary chart that meets the requirements of Rule 1006 is itself evidence and no [limiting] instruction is needed." *United States v. Williams*, 264 F.3d 561, 575 (5th Cir. 2001) (emphasis added); *United States v. Buck*, 324 F.3d 786, 790-791 (5th Cir. 2003).

Respectfully submitted, this 27th day of November, 2017, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

COREY R. AMUNDSON
ACTING UNITED STATES ATTORNEY

/s/ Ryan A. Rezaei
/s/ Alan A. Stevens
Ryan A. Rezaei, CABN 285133
Alan A. Stevens
Assistant United States Attorneys
777 Florida Street, Second Floor
Baton Rouge, Louisiana   70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 16-130-JJB-EWD |
| *versus* | : | |
| | : | |
| JORDAN HAMLETT | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the *United States' Pre-Trial Memorandum* has been electronically filed with the Clerk of Court using the CM/ECF system. Notice and a copy of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated this 27th day of November, 2017, at Baton Rouge, Louisiana.

/s/ Alan A. Stevens
Alan A. Stevens