## IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL NO. 16-130-JJB-EWD |
| *versus* | : | |
| | : | |
| JORDAN HAMLETT | : | |

### UNITED STATES'S PRE-TRIAL BRIEF REGARDING CHARACTER EVIDENCE

The United States of America, through the undersigned Assistant United States Attorneys, respectfully submits this pre-trial brief to address an evidentiary issue that may arise at trial related to the use of character evidence under the Federal Rules of Evidence. In short, if the defendant is permitted to offer character evidence, the United States should be allowed to rebut such evidence, which, depending upon the circumstances, may take the form of reputation evidence, opinion testimony, and cross-examination regarding the character witnesses' familiarity with the defendant's criminal history.

**A.   Legal Background**

   *1.   Federal Rules of Evidence*

Federal Rule of Evidence 404 generally prohibits the use of character evidence to prove that a person acted in conformity therewith on a particular occasion, subject to limited exceptions. *See* FED. R. EVID. 404(a)(1). Where the defendant is permitted to offer evidence of a "pertinent trait" of character, however, the prosecution may offer evidence to rebut the same. *See* FED. R. EVID. 404(a)(2).

Where evidence of a person's character is admissible, Rule 405 provides that the proper method of proving character is through testimony about the person's reputation or testimony in the form of an opinion. *See* FED. R. EVID. 405(a). On cross-examination, the

Court may allow questioning about relevant specific instances of the person's conduct. *See* FED. R. EVID. 405(a). The person's character may only be proved by relevant specific instances of the person's conduct, however, when the person's character is "an essential element of a charge, claim, or defense." *See* FED. R. EVID. 405(b).

Meanwhile, under Rule 608(a), the credibility of a witness, including the defendant if he or she testifies, is subject to attack or rehabilitation. The credibility of a witness may be attacked or supported by evidence of the witness's character for truthfulness or untruthfulness. *See* FED. R. EVID. 608(a). There are several relevant limits to this area of evidence, however. First, the evidence may refer only to character for truthfulness or untruthfulness, and not some other character trait. Second, evidence of *truthful* character (as opposed to evidence of untruthful character) is admissible only *after* the character of the witness for truthfulness has been attacked. *See* FED. R. EVID. 608(a). Finally, to attack or support a witness's character for truthfulness, extrinsic evidence is not admissible, but the court may allow cross-examination into the specific instances if they are probative of the character for truthfulness or untruthfulness of either (1) the witness or (2) another witness whose character the witness being cross-examined has testified about. *See* FED. R. EVID. 608(b).

### 2. *Necessary Foundation for Character Witnesses*

#### a. *Reputation*

To be admissible, reputation evidence must "(1) come from a person who is 'familiar with the defendant's reputation and competent to speak for the community,' (2) relate to the pertinent trait of defendant's character, (3) relate to the defendant's 'reputation in the community where he resides,' and (4) relate 'to a time contemporaneous with the act

charged.'" *United States v. Webster*, 649 F.2d 346, 350 n.7 (5th Cir. 1981) (citations omitted). To evaluate whether a sufficient foundation exists for the reputation testimony, the Court may consider the amount of time that the witness has known the defendant and whether the witness and the defendant have lived in the same area. *United States v. Trollinger*, 415 F.2d 527, 529 (5th Cir. 1969).

      **b.**      ***Opinion***

Opinion testimony does not require the same foundation as reputation testimony. *See, e.g., United States v. Watson*, 669 F.2d 1374, 1382 (11th Cir. 1982). Opinion testimony is "a personal assessment of character . . . the testimony is solely the impeachment witness' own impression of an individual's character for truthfulness." *Id.* Rule 608(a) does not require the witness to have a "long acquaintance" or "recent information" about the individual's character for truthfulness. *United States v. Lollar*, 606 F.2d 587, 589 (5th Cir. 1979) (quoting WEINSTEIN'S EVIDENCE ¶ 608(04), at p. 608-20 (1978)). Instead, the witness need only have an opinion that is "rationally based upon the perception of the witness" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." FED. R. EVID. 701.[1] Under Rule 608(a), "[w]itnesses may now be asked directly to state their opinion of the principal witness' character for truthfulness and they may answer for example, 'I think X is a liar.'" *Lollar*, 606 F.2d at 589 (emphasis added) (quoting WEINSTEIN'S EVIDENCE ¶ 608(04), at p. 608-20 (1978)).

---

[1] *See also United States v. Martinez-Saavedra*, No. 09-50206, 372 Fed. Appx. 463, 465 (5th Cir. March 30, 2010); *United States v. Turning Bear*, 357 F. 3d 730, 734 (8th Cir. 2004) (the foundation for opinion character testimony "is laid by demonstrating that the opinion witness knows the relevant witness well enough to have formed an opinion").

3

### *3.  Scope of Cross-Examination for Character Witnesses*

After a witness has testified regarding a defendant's character, "it is permissible during cross examination to attempt to undermine his credibility by asking him whether he has heard of prior misconduct of the defendant which is inconsistent with the witness's direct testimony."  *United States v. Skelton*, 514 F.3d 433, 443 (5th Cir. 2008) (internal citations omitted); *see also United States v. Wells*, 525 F.2d 974, 976 (5th Cir. 1976).  Such questioning demonstrates to the jury how well the witness really knows the defendant's reputation and whether the defendant's reputation really is as good as the witness has just testified.  *See United States v. Franklin*, 471 F.2d 1299, 1301 (5th Cir. 1973).

This questioning is subject to two important limits.  First, the prosecutor must have a good-faith factual basis for the incidents inquired, and second, the incidents inquired about must be relevant to the character traits involved at trial.  *United States v. Bright*, 588 F.2d 504, 512 (5th Cir. 1979) (citing *Wells*, 525 F.2d at 977).  Assuming that those two requirements are met, however, the permissible scope of cross-examination of a character witness is broad:

> [C]haracter witness[es] may be asked not only concerning the specific acts of the principal witness probative of truthfulness or untruthfulness, but may be cross-examined concerning familiarity with convictions as well as *arrests, rumors, reports, indictments*, etc., of the principal witness. Such facts have a natural bearing upon the reputation of the principal witness and the character witness' opinion of the principal witness.

*Skelton*, 514 F.2d at 444 (emphasis added) (citations omitted).  The logic of such a broad inquiry is that a "[l]ack of familiarity with such facts is relevant to an assessment of the basis for the character witness' testimony . . . [whereas] . . . [f]amiliarity with such matters

explores the character witness' standard of 'truthfulness' or 'untruthfulness.'" *Id.* (citations omitted).

Accordingly, if a character witness testifies, that witness is subject to cross examination about specific instances of misconduct committed by the subject of his or her testimony. *See, e.g., United States v. West*, 58 F.3d 133, 141 (5th Cir. 1995) (government could cross-examine defense witnesses regarding a state indictment alleging intentional evasion of gasoline taxes because inquiry was relevant to defendant's honesty); *see also United States v. Bah*, 572 F.3d 106, 117-118 (2nd Cir. 2009) (affirming the trial court's decision to allow the United States to cross-examine a defense character witness about a business complaint filed against the defendant, accusing him of fraud); *United States v. Manos*, 848 F.2d 1427, 1429-31 (7th Cir. 1988) (in bribery prosecution, trial court properly allowed government to ask defendant's character witness whether he was aware that defendant had been reprimanded for falsifying time sheets). "Impeachment of character witnesses with questions about prior bad acts of the defendant, even if unproven, is common practice." *Doe v. Ayers*, 782 F.3d 425, 434 (9th Cir. 2015) (citing Rule 405(a) and affirming the trial court's decision to allow cross-examination regarding whether the defendant's character witness was aware that the defendant had previously been accused of sexual assault).

B.      **Analysis and Argument**

In light of the authorities discussed above, and the defendant's criminal history, character evidence is likely to arise at trial, and the issues should be resolved as follows:

1.      *First, If The Defendant Testifies At Trial And Places His Credibility At Issue, The United States Should Be Permitted To Rebut The Testimony With Character Evidence.*

As the Fifth Circuit has explained, "[a]lthough a criminal defendant cannot be compelled to take the stand in his own defense, once he chooses to testify 'he places his credibility in issue as does any other witness.'" *United States v. Lollar*, 606 F.2d 587, 588 (5th Cir. 1979); *see also United States v. Williams*, 822 F.2d 512, 516 (5th Cir. 1987) (affirming the district court's denial of a defense objection to the government's testimony, from two agents, regarding the defendant's "bad reputation for truthfulness," explaining that the objection was properly overruled, since the defendant testified at trial, and "put his character for truthfulness in issue"). In other words, the defendant's decision to testify "free[s] the government to offer evidence bearing on the defendant's believability as a witness." *Lollar*, 606 F.2d at 588. This evidence may take the form of reputation or opinion testimony as to the defendant's truthfulness. *Id.* (noting that "the most widely used method of impeaching a defendant's credibility was to call witnesses and testify that the defendant's reputation for truth and veracity was bad"); *see also Williams*, 822 F.2d at 516. The United States should be permitted to present such evidence under Rule 608(a).

> **2.    Second, If The Defendant Presents Character Evidence, The United States Should Be Permitted To Cross-Examine The Character Witness Regarding Specific Instances Of The Defendant's Conduct.**

The defendant may also attempt to offer evidence of his own good character, which he would then cite to the jury as the basis for an inference that he is unlikely to have committed the offense charged. *See, e.g., United States v. Shipley*, No. 10-50856, 546 Fed. Appx. 450, 456-57 (5th Cir. Oct. 17, 2013) ("A defendant may introduce character testimony to show that the general estimation of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged.").

Some of the ways in which the defendant may attempt to do this are clearly impermissible. For instance, as discussed in a separate motion *in limine*, the defendant should not be permitted to introduce evidence that he has cooperated with law enforcement in other investigations.

In the event that the Court permits the defendant to offer evidence of his own good character in some other manner, the United States must be permitted to cross-examine the defendant's character witness about specific instances of misconduct committed by the defendant. This would include questioning the character witnesses about their awareness of "prior misconduct" by the defendant (*see, e.g., Wells*, 525 F.2d at 976), and their knowledge of "arrests, rumors, reports, [and] indictments" of the defendant that may relate to the defendant's truthfulness. *See, e.g., Skelton*, 514 F.2d at 444; WEINSTEIN'S FEDERAL EVIDENCE (2nd Edition, 2010), § 608.23[1], p. 608 ("a criminal defendant must consider whether eliciting character evidence would be advantageous, or whether it might instead

open the door to revelations about past misdeeds that the prosecutor could not otherwise bring to the jury's attention").[2]

**C.    Conclusion**

If the defendant presents character evidence at trial, or otherwise places his credibility at issue through testimony, questioning, or other methods, the United States should be permitted to cross examine the character witnesses and/or present competent rebuttal evidence, as outlined above.

Respectfully submitted, this 27th day of November, 2017.

        Respectfully submitted,

        UNITED STATES OF AMERICA, by

        COREY R. AMUNDSON
        ACTING UNITED STATES ATTORNEY

        /s/ Ryan A. Rezaei
        /s/ Alan A. Stevens
        Ryan A. Rezaei, CABN 285133
        Alan A. Stevens
        Assistant United States Attorneys
        777 Florida Street, Second Floor
        Baton Rouge, Louisiana  70801
        Telephone: (225) 389-0443
        Fax: (225) 389-0561

---

[2] *See also Shipley*, 546 Fed. Appx. at 456 (noting that the district court's decision to not allow the defendant's character evidence was not error, because allowing the testimony "would have opened the door to further examination regarding the relations between [the witness] and [the defendant]") *United States v. Sanchez*, 482 F.2d 5, 7 (5th Cir. 1973) ("Criminal activity, short of a conviction, is also admissible for impeachment purposes where the defendant has put his reputation in issue either through his character witnesses . . . or by false assertions on direct examination in regard to prior unlawful activities."). "Under this open-door theory it is immaterial that the inquiry pertains to activities of dissimilar offenses." *Sanchez*, 482 F.2d at 7 (5th Cir. 1973) (citing *Michelson v. United States*, 335 U.S. 469 (1948)).

**IN THE UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 16-130-JJB-EWD |
| *versus* | : | |
| | : | |
| JORDAN HAMLETT | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2017, a copy of the foregoing *United States's Pre-Trial Brief Regarding Character Evidence* was filed electronically with the Clerk of Court using the CM/ECF system, under seal. Copies of the foregoing filing will be provided to defendant's counsel of record via operation of the CM/ECF system.

By: /s/ Alan A. Stevens
Alan A. Stevens