**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 16-130-JJB-EWD |
| *versus* | : | |
| | : | |
| JORDAN HAMLETT | : | |

**MEMORANDUM IN SUPPORT OF**
**UNITED STATES' MOTION FOR STATUS CONFERENCE AND**
**PRE-TRIAL DETERMINATION REGARDING**
<u>**AUTHENTICITY AND ADMISSIBILITY OF BUSINESS RECORDS**</u>

The United States of America by Corey R. Amundson, Acting United States Attorney for the Middle District of Louisiana, through the undersigned Assistant United States Attorneys, respectfully moves the Court for a status conference and a pre-trial determination as to the authenticity and conditional admissibility of certain of the United States's trial exhibits, for the reasons set forth below.

**I.**    <u>**PROCEDURAL HISTORY**</u>

On November 10, 2016, a federal grand jury returned an indictment charging the defendant with false representation of a social security number, in violation of Title 42, United States Code, Section 408(a)(7)(B).    The United States made its first discovery production to the defendant that month and has made several supplemental productions since then.

This matter is scheduled for trial on Monday, December 4.    The United States will be ready for trial as scheduled and, to be clear, by filing this motion, the United States does not seek any delay or continuance.

1

## II.   <u>BACKGROUND</u>

At trial, the United States anticipates that it will introduce numerous business records.   The documents were provided to the United States by third parties—in this case, by a cellular service provider (T-Mobile) and two internet service providers (Cox and Google)—by a records custodian at each producing entity.   Each custodian has provided a declaration that the records are business records, generated and kept within the normal course of his or her employer's business.   The United States produced copies of the underlying documents to the defendant in discovery approximately one year ago.   The United States has since produced the declarations as well, and copies are attached to this memorandum as Exhibit A.

Before the documents can be admitted into evidence, they must be authenticated. Likewise, to the extent that the documents contain hearsay, the party offering the documents must establish that there is an exception to the hearsay rule that applies. Accordingly, the United States may be required to call several witnesses for the sole purpose of identifying documents they previously provided and confirming that the documents are records of regularly-conducted business activity.   One of the potential witnesses would likely be required to travel to Baton Rouge from California, and another would be required to travel from Georgia.

This process will be expensive and time-consuming, needlessly lengthening the trial—especially because, the United States respectfully submits, the information contained in the underlying records is not likely to be the subject of any dispute at trial.[1]     As discussed below, in light of the procedures outlined under the Federal Rules, the United States asks the Court to make a pre-trial determination that the records are authentic under Rule 902 and that they qualify as business records within the meaning of Rule 803(6).

III.    **DISCUSSION**

   A.    **Authentication**

Rule 902(11) of the Federal Rules of Evidence permits the authentication of records of regularly conducted activity if a custodian certifies that the records were "made at or near the time of the occurrence of the matters," "kept in the course of the regularly conducted activity," and created as a "regular practice."   FED. R. EVID. 902.   "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required."   FED. R. EVID. 902.

   B.    **Hearsay Exception for Business Records**

Rule 803(6) removes records of regularly conducted activity from the hearsay rule, "even though the declarant is available as a witness."   The proponent of the records must fulfill several prerequisites, namely, demonstrating that the records were (1) made by a

---

[1] Of course, if the defendant has substantive evidence he would like to elicit from these third parties, he is free to call representatives from the third parties himself, but the United States does not believe that the defendant has any credible argument that the documents themselves do not qualify for admission into evidence under Rules 803(6) and 902(11).

person with knowledge, (2) kept in the course of regularly conducted business activity, and (3) kept as a routine practice.    The rule allows the party offering the records to satisfy these prerequisites by "the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)*."   FED. R. EVID. 803(6) (emphasis added).

### C.    **Analysis**

Together, Rules 803(6) and 902(11) eliminate the need to incur the expense and inconvenience of producing time-consuming "foundation" witnesses.    FED. R. EVID. 803, Advisory Committee Notes to the 2000 Amendment.    Moreover, because Rule 104 provides that preliminary questions on the admissibility of evidence can be determined before trial, outside the presence of a jury and without being bound by the rules of evidence, Rules 803(6) and 902(11) provide a mechanism for introducing self-authenticating documents into evidence without calling a witness.    As one court has explained,

> It would make little sense to require live witness testimony every time a business record is offered when, from other materials open for the court's consideration, it can make the required finding to its own satisfaction.

*In re Japanese Elec. Prod. Antitrust Litig.*, 723 F.2d 238, 288 (3rd Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (live witness testimony is not required to determine the admissibility of documents under the business records exception; trial judge considered only affidavits); *see also United States v. Schwartz*, 315 Fed. Appx. 412, 417 (3rd Cir. 2009) (affirming the district court's ruling allowing the government to "use affidavits, rather than live testimony, to authenticate bank records covered by the hearsay exception for business records"); *United States v. Lezcano*,

296 Fed. Appx. 800, 808 (11th Cir. 2008) ("The Government complied with Rule 902(11) in admitting the business records as it gave [the defendant] notice and gave him an opportunity to inspect the records.   Thus, [the defendant's] argument that these records were admitted improperly because there was no one from the insurance company to explain the relevance is meritless.").[2]

Rule 902(11) requires the party intending to offer a record into evidence under the rule to provide written notice to the other party, and the United States has done so.   To date, the defendant has elected not to sign any stipulations that would have eliminated the need to seek the Court's guidance.   The United States does not believe that there is any valid objection to the documents' authenticity and status as business records, under the Federal Rules, however, and a pre-trial determination of these issues will significantly conserve judicial resources and streamline the upcoming trial.

## IV.  **CONCLUSION**

For the reasons set forth above, the United States respectfully requests a pre-trial determination that the records described in the attached records certifications are authentic under Rule 902(11) and that they qualify as business records within the meaning of Rule 803(6).

---

[2]  *See also United States v. Vas*, 2010 WL 3169293, at *4 (D.N.J. Aug. 10, 2010) ("This Court holds that as long as a written certification pursuant to [Rule] 902(11) is provided, the Government will not be required to bring in a witness to authenticate the records at trial."); *DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764, 772 n.3 (D.S.C. 2004) (explaining that "Rule 901(11) was designed to work in tandem with an amendment to Rule 803(6) to allow proponents of business records to qualify them for admittance with an affidavit or similar written statement rather than live testimony"); *United States v. Kahre*, 610 F. Supp. 2d 1261, 1265-66 (D. Nev. 2009) (same).

Respectfully submitted this 28th day of November, 2017, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

COREY R. AMUNDSON
ACTING UNITED STATES ATTORNEY


/s/ Alan A. Stevens
Alan A. Stevens
Ryan Rezaei, CABN 285133
Assistant United States Attorneys
777 Florida Street, Second Floor
Baton Rouge, Louisiana    70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 16-130-JJB-EWD |
| *versus* | : | |
| | : | |
| JORDAN HAMLETT | : | |

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the *Memorandum in Support of Motion For Status Conference and Pre-Trial Determination Regarding Authenticity and Admissibility of Exhibits* has been electronically filed with the Clerk of Court using the CM/ECF system.   Notice and a copy of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated this 28th day of November, 2017, at Baton Rouge, Louisiana.

/s/ Alan A. Stevens
Alan A. Stevens