# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| *versus* | : | CRIMINAL NO. 16-130-JJB-EWD |
| | : | |
| JORDAN HAMLETT | : | |

## MOTION FOR AUTHORIZATION TO
## FILE CERTAIN TRIAL EXHIBITS UNDER SEAL

The United States of America, through the undersigned Assistant United States Attorneys, respectfully requests that the Court authorize the filing under seal of trial exhibits that contain protected information, pursuant to Rule 49.1 of the Federal Rules of Criminal Procedure. In support of this motion, the United States represents as follows:

1.

At the start of discovery in this case, the parties requested, and the Court entered, a protective order to apply to the discovery material in this case. The protective order has been in effect since November 28, 2016.

2.

One of the reasons that the parties sought the protective order is that some of the discovery material simply would not be relevant or useful without the personally identifiable information reflected therein (*e.g.*, dates of birth, Social Security numbers) and tax-related information. Even if the United States had been able to redact the sensitive information from the materials prior to the production, the materials would have lost much of their evidentiary value.

3.

These same considerations will apply with equal force at trial. That is, in the process of turning the discovery materials into trial exhibits, if the parties were to redact the sensitive information out of the documents, this would hamper the parties' ability to present the case at trial and hinder the jury's ability to decide the case. In other words, with respect to several of the United States' likely trial exhibits, it is the un-redacted protected information that makes the materials important.

4.

Rule 49.1 requires that filings with the Court be redacted to ensure privacy. FED. R. CRIM. P. 49.1(a). The rule also provides, however, that the Court "*may order that a filing be made under seal without redaction*. The court may later unseal the filing, or order the person who made the filing to file a redacted version for the public record." FED. R. CRIM. P. 49.1(d) (emphasis added).[1]

5.

Pursuant to Rule 49.1(d), the United States respectfully asks the Court for authorization to use trial exhibits that contain the personally identifiable information described in Rule 49.1(a) and other sensitive information. To preserve their relevance and usefulness at trial, the exhibits would not be redacted.

---

[1] The plain language of Rule 49.1(d) does not require the Court to find good cause prior to allowing a filing to be made under seal, although the United States submits that good cause exists in this case.

6.

The United States is not requesting that the Court seal the courtroom during the trial, nor does the United States believe that sealing the courtroom is necessary. During trial, however, when either party is utilizing courtroom technology to display an un-redacted trial exhibit to a witness or the jury, the United States suggests that any courtroom monitor directed at the public audience be *temporarily* disabled during the display of the exhibit to prevent inadvertent disclosure of private, sensitive information.

7.

At the conclusion of the trial, after the Court has seen the exhibits first-hand, and after the Court and parties know exactly which exhibits were introduced into evidence, the Court could determine whether to order the parties to prepare and file redacted versions of their trial exhibits for the public record (*see, e.g.*, FED. R. CRIM. P. 49.1(d)).

8.

The undersigned Assistant United States Attorneys have reviewed the Local Rules and General Orders of this Court, as well as information regarding the Court's Judicial Evidence Recording System (JERS), and undersigned counsel do not believe that the relief requested by this Motion would violate any applicable rule, order, or procedure contained therein. Instead, it is counsel's good-faith belief that the relief requested in this Motion represents the best solution to the issue presented above.

**WHEREFORE**, the United States respectfully requests that the Court grant the requested relief.

Respectfully submitted, this 30th day of November, 2017, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

COREY R. AMUNDSON
ACTING UNITED STATES ATTORNEY


/s/ Alan A. Stevens
Alan A. Stevens
Ryan Rezaei, CABN 285133
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana    70801
Telephone: (225) 389-0443
Fax: (225) 389-0561

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 16-130-JJB-EWD |
| | : | |
| JORDAN HAMLETT | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Motion For Authorization to File Certain Trial Exhibits Under Seal* has been electronically filed with the Clerk of Court using the CM/ECF system.   Notice and a copy of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated this 30th day of November, 2017, at Baton Rouge, Louisiana.


                                                /s/ Alan A. Stevens
                                                Alan A. Stevens

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 16-130-JJB-EWD |
| | : | |
| JORDAN HAMLETT | : | |

**ORDER REGARDING MOTION FOR AUTHORIZATION
TO FILE CERTAIN TRIAL EXHIBITS UNDER SEAL**

Considering the United States's *Motion for Authorization to File Certain Trial Exhibits Under Seal,* and the parties' discussion of the *Motion* with the Court, the Court hereby ORDERS as follows:

With respect to any trial exhibit that contains protected information, as described in Rule 49.1 of the Federal Rules of Criminal Procedure, the offering party shall be permitted to use an un-redacted version of such exhibit at trial. The offering party shall identify such exhibits for the Court prior to referring to the exhibits in Court or placing such exhibits on any display, so that the Court may take any necessary steps to protect the information from unnecessary disclosure.

At the conclusion of trial, the Court will consider whether to require redacted versions of such exhibits for inclusion in the public record and/or whether to allow the un-redacted originals to be filed into the record under seal.

SO ORDERED this ____ day of November, 2017, Baton Rouge, Louisiana.

_____
THE HONORABLE JAMES J. BRADY
SENIOR UNITED STATES DISTRICT JUDGE